RUFUS C. FROST, Plaintiff, *v.* THE YONKERS SAVINGS BANK, Defendant.   •

*Prior mortgage — Subrogation of subsequent incumbrancer — Judgment — sheriff's certificate of sale on — valid against prior undisclosed agreement of judgment creditor.*

The defendant was the holder of a first mortgage on premises on which there was a prior judgment. The plaintiff was the assignee of a mortgage on the same premises, between which and the defendant's mortgage there existed two other mortgages. Prior to the assignment of the mortgage to the plaintiff, the holder of the aforesaid judgment agreed with plaintiff's assignor to postpone the lien of such judgment to that of the mortgage assigned plaintiff. In January, 1875, the premises were sold under the judgment, and purchased by the defendant, the holder of the first mortgage, the sale being made without notice of the agreement to make it subordinate to plaintiff's mortgage.

In February, 1875, the defendant foreclosed its mortgage, made the plaintiff a party defendant as subsequent incumbrancer, who appeared by attorney, but put in no answer. Judgment of foreclosure and sale was entered March 22, 1875.

May 21, 1875, plaintiff tendered the defendant the amount due on the foreclosure judgment, and demanded an assignment of the mortgage and judgment. Defendant refused to receive the money unless the plaintiff would pay the additional sum for which the premises were sold to it on the execution issued under the prior judgment.

*Held,* that the tender did not discharge the lien; that the plaintiff had no standing as to the land which entitled him to an assignment of the defendant's mortgage.

*Held, also,* that the holder of the judgment having the title and the right to enforce it, making no reservation and giving no notice indicating that it was not what it purported to be, viz., the first lien on the property sold, the purchaser at the sheriff's sale took the title, without reference to the agreement made by such judgment creditor postponing its lien.

CROSS appeals by plaintiff and defendant from a judgment entered upon the report of a referee.

On the 20th day of June, 1872, one Hugh McElroen was the owner in fee of certain real estate in the city of Yonkers, Westchester county, at which time he gave a mortgage on said premises, his wife Eliza uniting with him, to the defendant for the sum of $4,000 and interest, which mortgage was recorded.  ··

The premises were at this time subject to the lien of a certain judgment for $437.72, recovered by George Thomas against said Hugh McElroen, docketed in the clerk's office of Westchester

county, July 3, 1867. This judgment was assigned to Ralph E. Prime on the 9th day of May, 1868.

April 4, 1874, Hugh McElroen and Eliza, his wife, executed and delivered to William F. Lawrence a mortgage on said premises bearing date January 1, 1874, which was duly recorded. This mortgage was assigned by said Lawrence to the plaintiff May 1, 1874.

Prior to the assignment of the last mentioned mortgage to the plaintiff, Ralph E. Prime agreed with Lawrence by an instrument in writing dated April 28, 1874, executed and acknowledged by him, but not recorded, to postpone the lien of the judgment which had been assigned to him by Thomas to the lien of the said $3,000 mortgage of said William F. Lawrence.

On the 4th day of January, 1875, the defendant, through E. P. Baird, its attorney, purchased the property in question for $606.07, at a sheriff's sale, under and by virtue of an execution issued on the Thomas judgment, and received a certificate of sale therefor. The above purchase was made without any notice of the aforesaid agreement.

In February, 1875, the defendant commenced an action for the foreclosure of its mortgage. Judgment of foreclosure and sale was entered March 22, 1875. In this action to foreclose, the plaintiff was made a party defendant, as a subsequent mortgagee and incumbrancer. He appeared by attorney, but put in no answer.

On May 21, 1875, the plaintiff tendered to the defendant the amount due upon defendant's judgment of foreclosure and sale, and demanded of said defendant an assignment of the mortgage and decree, and that he (plaintiff) be permitted to redeem the said premises from defendant's mortgage and judgment or decree.

The defendant refused to receive this money unless the plaintiff would pay to the defendant the additional sum of $606.70, being the sum for which the premises in question were sold at the execution sale.

Intervening the said mortgage of the defendant and the mortgage of the plaintiff, Hugh McElroen and wife executed two other mortgages, covering the premises in question, for the principal sum in the aggregate of $3,000, which are liens subsequent to defendant's mortgage, and prior to plaintiff's mortgage.

The referee, on the trial of the action, found as conclusions of law : That the plaintiff was entitled to redeem the said mortgage and judgment of foreclosure and sale, and was entitled to an assignment of said mortgage and judgment of foreclosure from the defendant, upon the payment to the defendant of the amount due thereon to the 21st day of May, 1875. That the lien of the said judgment, by virtue of the said Prime agreement, was postponed and became subordinate to the lien of the plaintiff's said mortgage, and that the right and interest of the purchaser upon the execution sale are subordinate and subsequent to the lien of the said mortgage of the plaintiff, from which defendant appealed. That the tender so made to the defendant of the amount due on its said mortgage and judgment of foreclosure did not discharge the lien of said mortgage, nor did such tender invalidate the said judgment of foreclosure and sale, or in any respect impair its force and effect, from which plaintiff appealed.

*Samuel A. Noyes*, for the plaintiff.

*Matt. H. Ellis*, for the defendant.

BARNARD, P. J. :

In this case there are two appeals. The plaintiff is a junior mortgagee, holding a mortgage on lands in Yonkers, upon which the defendant holds a prior mortgage. There are two intervening mortgages, held by strangers to the action.

The plaintiff tendered to the defendant the amount due on defendant's mortgage, and demanded an assignment. This was refused. The referee held that the tender did not discharge the lien.

I think the referee was correct. The plaintiff had no standing as to the land, which entitled him to pay the mortgage debt of defendant.

It is not like the case of *Kortright* v. *Cady*, where the owner of the fee tendered the amount of the mortgage to free his land, but the case of a mortgagee tendering to a prior mortgagee. (*Ham* v. *Jex*, 66 Barb., 232.)

Besides the tender was not made to extinguish the lien but was

accompanied with a demand for an assignment. There is no legal ground for the plaintiff's appeal.

The defendant also appeals, and the case presents purely a question of law upon the facts found by the referee.

The plaintiff had a fourth mortgage upon the property, and the defendant the first mortgage as already stated. There was a judgment prior to all the mortgages. The holder of this judgment, by a private arrangement with plaintiff, agreed to postpone the lien of the judgment to that of the fourth mortgage.

He then issued an execution on the judgment, and at the sheriff's sale the defendant paid the full amount of the judgment, and took the sheriff's certificate of sale in entire ignorance of the agreement between plaintiff and the holder of the judgment; under this certificate the defendant would be entitled, at the proper time, to a deed of all the right, title and interest of the judgment debtor, at the date of the entry of the judgment.

I think the defendant took the judgment debtor's interest, without reference to the secret agreement.

The holder of the judgment had the title and the right to enforce it. He made no reservation, and gave no notice indicating that it was not what it purported to be, the first lien on the property sold. I am unable to see any reason which entitles plaintiff to an assignment of defendant's mortgage. It puts him in no better position than he is now.

The sale under plaintiff's mortgage is for the benefit of all subsequent claims, and the priority of lien can be determined on proceedings to distribute surplus.

If a prior mortgagee may be compelled to assign his mortgage to a subsequent one, when there are more than one subsequent, to which one must he assign? Why pass over the two intervening mortgages, and assign to plaintiff.

I think the judgment should be reversed, and a new trial granted, at Special Term, costs to abide event.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment reversed, with costs.